IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAN NELSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-466-L-BK |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for report and recommendation. For the reasons explained below, the Court recommends that Plaintiff's *Motion for Summary Judgment* (Doc. 24) be DENIED, that Defendant's *Motion for Summary Judgment* (Doc. 30) be GRANTED, and that the decision of the Commissioner be AFFIRMED.

## I.  BACKGROUND[1]

### A.  Procedural History

Dan Nelson seeks judicial review of a final decision by the Commissioner of Social Security denying his claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title II and XVI of the Social Security Act (Act). On February 25, 2008, Plaintiff applied for DIB and SSI, claiming that he had been disabled since March 14, 2004, due to depressive disorder and hepatitis C. (Tr. at 52-54, 100-104, 140-42). His application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 14, 58-68). On August 5, 2009, the ALJ issued his decision finding Plaintiff not disabled, which Plaintiff timely appealed to the Appeals Council.

---

[1] The following background comes from the transcript of the administrative proceedings, which is designated as "Tr."

[1] Plaintiff actually cites to SSR 98-6p which does not exist, and correctly cites to SSR 96-8p in his reply. (Docs. 24,

1

(Tr. at 9-10, 11-21). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. (Tr. at 6-8). Plaintiff appeals the Commissioner's decision to this Court pursuant to 42 U.S.C. § 405(g).

**B.    Factual History**

    **1.    Age, Education, and Work Experience**

Plaintiff was born on March 24, 1957, and was 52 years old at the time of the ALJ's decision. (Tr. at 11-21, 100). He has a high school education and prior work experience as a delivery driver, sales clerk, and store manager. (Tr. at 20, 28, 146, 132-38, 142).

    **2.    Medical Evidence**

Medical records from 2003 through 2009 indicate that Plaintiff's doctors diagnosed and/or observed symptoms of several medical conditions, including depression and depressive disorder, mild anxiety, cirrhosis of the liver, hepatitis C, hypocalcaemia, cerebral hemorrhage, and a mild cerebral atrophy. (Tr. at 197, 202, 209-210, 213-226, 231-249, 257-267). Plaintiff's medical records also reflect a long history of alcohol dependence and alcohol-induced seizures. (Tr. at 196-204, 209).

    **3.    Hearing Testimony**

The ALJ held a hearing on April 15, 2009. (Tr. at 24). Plaintiff, who was represented by counsel, testified that he last worked in March 2004 as a delivery driver. (Tr. at 28). Before that, Plaintiff managed a liquor store for 25 years. (Tr. at 29). Plaintiff has had a drinking problem for a long time and "did go to AA [alcoholics anonymous]." (Tr. at 29). Plaintiff stopped drinking in 2004 but subsequently relapsed. (Tr. at 29-30). The last drink Plaintiff consumed was in early March 2009. (Tr. at 30). About a week after Plaintiff's last drink he suffered a seizure and went to the emergency room. (Tr. at 30). In addition, Plaintiff suffers from liver

disease and has liver pain on his right side, just below his rib cage. (Tr. at 30-31). However, Plaintiff has not received any treatment for the liver disease. (Tr. at 31).

Plaintiff testified that he was currently being treated for depression and was taking medication for his symptoms. (Tr. at 31-32). In addition, Plaintiff started seizure medication after his most recent seizure in March 2009. (Tr. at 32, 41-42). In 2001, Plaintiff suffered a cerebral hemorrhage and now has problems with his memory and concentration. (Tr. at 37). Plaintiff also occasionally suffered from seizures for a few years after the cerebral hemorrhage. (Tr. at 39-40).

Plaintiff testified that he is "tired all the time" and often has shortness of breath. (Tr. at 32). Plaintiff further testified that he wakes up about 10:00 a.m., and then lies down all day. (Tr. at 33). Plaintiff can sit but, because of back pain, is more comfortable lying down. (Tr. at 33). Plaintiff averred that he can sit in one position for less than two hours, and can stand in one position for 10 minutes, before needing to move around. (Tr. at 33-34). Plaintiff is able to go to the grocery store, wash dishes, and carry a gallon of milk (although not for eight hours because he would "get tired"). (Tr. at 34-37). Plaintiff lives in his house with his cousin, and has a girlfriend. (Tr. at 44). He uses a computer and cell phone, and enjoys watching television. (Tr. at 44-45).

Next to testify was Ms. Skinner, the vocational expert, who classified Plaintiff's prior work experience as a delivery driver as medium and semi-skilled, as a sales clerk as light and semi-skilled, and as the store manager as light and skilled. (Tr. at 46-48). When presented with the ALJ's RFC finding, as set out below, Ms. Skinner opined that Plaintiff would be able to perform his past work as a sales clerk. (Tr. at 48).

3

**C.      ALJ's Findings**

The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009, and that he had not engaged in substantial gainful activity since March 14, 2004, the alleged onset date. (Tr. at 16-17). Plaintiff had the severe impairments of degenerative disk disease -- with a history of compression fracture, Hepatitis C, depression, cerebral vascular disease (CVQ), and alcohol abuse. (Tr. at 17). The ALJ found that, with the substance abuse disorder, Plaintiff's impairments met sections 12.04 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 ("the Listings"). (Tr. at 17). However, the ALJ also concluded that Plaintiff's substance abuse was material to the finding that he is disabled; and if Plaintiff stopped drinking alcohol, he would no longer be disabled. (Tr. at 17-18).

In that event, the ALJ further determined Plaintiff would have the RFC to perform light work, in that Plaintiff could: 1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; 2) sit six hours in an 8 hour workday; 3) stand and/or walk 6 hours in an 8 hour workday; 4) have the ability for frequent handling, fingering and feeling with the right upper extremity; and 5) have the ability to understand, remember, and follow simple and detailed instructions, and complete repetitive tasks. (Tr. at 18). The ALJ concluded that Plaintiff would be able to perform his past relevant work as a sales clerk and therefore, he was not disabled as defined by the Act. (Tr. at 20-21).

## II. ANALYSIS

**A**.      **Legal Standards**

   **1**.      **Standard of Review**

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner

applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla but less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

    **2.**     **Disability Determination**

The definition of disability under the Social Security Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

>   5.  If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b-(f)). Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id.* Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

**B.**     **Issues for Review**

Plaintiff argues that the ALJ failed to follow the procedure outlined in SSR 96-8p[1] when the ALJ lumped together his assessment of Plaintiff's alcohol abuse with the limitations specific to Plaintiff's back impairments. (Doc. 24 at 8). In addition, Plaintiff contends the ALJ improperly found that Plaintiff could perform his past relevant work if he were to stop drinking, a factor which has no relevance to Plaintiff's back condition. Defendant responds that the evidence supports the ALJ's decision, that the ALJ considered all the factors in SSR 96-8p, and that the ALJ was required to determine if alcohol abuse was a material factor. (Doc. 31 at 6-9).

---

[1] Plaintiff actually cites to SSR 98-6p which does not exist, and correctly cites to SSR 96-8p in his reply. (Docs. 24, 36).

The RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." 1996 WL 374184, *1 (S.S.A.1996). "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id*. at *3. "Each function must be considered separately." *Id*. Further, a special analysis is required when the record indicates the presence of alcoholism or drug addiction. 20 C.F.R. § 404.1535. It must be determined if a claimant's substance abuse is a contributing material factor to the determination of disability – that is, would claimant be disabled if he stopped the substance abuse. 20 C.F.R. § 404.1535 (b); *see also*, 20 C.F.R. § 416.935(b) (the key factor an ALJ examines when determining whether drug addiction or alcoholism is a "contributing factor material" to the determination of disability is whether a claimant is still disabled absent the use of drugs or alcohol.); Pub. L. No. 104-121, § 105, 110 Stat. 847, 852-855 (1996) (an individual is not eligible for benefits if either drug addiction or alcoholism is a contributing factor material to a determination of disability).

Here, a review of the ALJ's decision confirms that the ALJ identified Plaintiff's limitations and assessed his work-related abilities on a function-by-function basis. (Tr. at 11-21). The ALJ determined that Plaintiff had the severe impairments of degenerative disk disease with a history of compression fracture, history of hepatitis C, depression, history of cerebral vascular disease (CVQ), and alcohol abuse. (Tr. at 17). However, the ALJ determined that absent Plaintiff's substance abuse, Plaintiff would have the RFC to perform light work, in that Plaintiff could: 1) lift and/or carry 20 pounds occasionally and 10 pounds frequently; 2) sit six hours in an 8 hour workday; 3) stand and/or walk 6 hours in an 8 hour workday; 4) have the ability for frequent handling, fingering and feeling with the right upper extremity; and 5) have the ability to

understand, remember, and follow simple and detailed instructions, and complete repetitive tasks. (Tr. at 18).

Contrary to Plaintiff's argument, in making these determinations, the ALJ reviewed and assessed all of Plaintiff's impairments, including his back impairments, separately from his alcohol abuse. (Tr. at 18-20). Moreover, as the record reveals, the ALJ's RFC determination is supported by the substantial evidence. Dr. Durfur opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8 hour workday, sit 6 hours in an 8 hour workday, push and/or pull unlimited, had no postural limitations, reaching and feeling was not limited, and handling and fingering was limited in right arm. (Tr. at 261-65). Dr. Ukoha's examination revealed normal muscles and spine with full range of motion. (Tr. at 259). In addition, in March 2009, Plaintiff was again reported to have normal range of motion in his back, with no low back pain. (Tr. at 301). The ALJ found that Plaintiff's complaints to the contrary were not entirely credible or supported by the medical evidence. (Tr. at 20); *see Mendoza v. Marine Pers. Co.*, 46 F.3d 498, 500-01 (5th Cir. 1995) (stating "[t]he ALJ determines the weight to be accorded to evidence and makes credibility determinations."); *see Chambliss v. Massanari*, 269 F.3d 550, 552 (5th Cir. 2001) (Subjective complaints must be corroborated by objective medical evidence.). Accordingly, Plaintiff's arguments are without merit.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's *Motion for Summary Judgment* (Doc. 24) be DENIED, that Defendant's *Motion for Summary Judgment* (Doc. 30) be GRANTED, and that that the decision of the Commissioner be AFFIRMED.

**SO RECOMMENDED** on February 21, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE