IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAN NELSON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-466-L-BK** |
| | § | |
| **MICHAEL J. ASTRUE,** Commissioner, | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Dan Nelson ("Nelson" or "Plaintiff") filed this appeal on March 7, 2011, from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The case was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 21, 2012, recommending that Defendant's Motion for Summary Judgment (Doc. 30) be granted, Plaintiff's Motion for Summary Judgment (Doc. 24) be denied, and the decision of the Commissioner be affirmed.

## I.     Applicable Standard

Judicial review of the Commissioner's denial of disability and SSI benefits is limited to whether the decision is supported by substantial evidence and whether the Commissioner followed the correct relevant legal standards in reaching his findings. *See* 42 U.S.C. § 405(g); *Carrier v. Sullivan*, 944 F.2d 243, 245 (5th Cir. 1991). In determining whether the Commissioner's decision

**Memorandum Opinion and Order – Page 1**

is supported by substantial evidence, the court scrutinizes the record to determine if such evidence is present. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir.1988). The court may not, however, reweigh the evidence in the record or substitute its judgment for that of the Commissioner's. *Id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971) ("The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984); *Carrier*, 944 F.2d at 245. A finding of no substantial evidence is appropriate only when no credible evidentiary choices exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). Under Federal Rule of Civil Procedure 72(b), applicable to dispositive motions, the district court reviews de novo "any part of the magistrate's disposition that has been properly objected to" and "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

## II.    Request for Extension of Time to File Objections

Rule 72(b)(2) requires written objections to a magistrate's findings and recommendations to be filed within 14 days. Objections to the Report were due March 6, 2012. On March 18, 2012, Nelson filed a Motion for Extension of Time to File Objections to the Magistrate's Report and Recommendation and subsequently filed his objections to the Report on March 21, 2012 (Doc. 39). Nelson's objections were accompanied by a Motion to File Objections to the Magistrate's Report and Recommendation Out of Time, which the court construes as a motion for leave (Doc. 40). Both motions cite counsel's heavy workload, travel schedule and technical difficulties as reasons for not being able to timely file objections to the Report. No explanation was provided for the failure to

timely seek an extension of the objection deadline before it expired.  Since Nelson did not file his

motion within fourteen days, he waived any right to an extension; however, assuming without

deciding that he has shown excusable neglect pursuant to Federal Rule of Civil Procedure 6(b)(1)(B),

the court nevertheless determines that his objections are without merit and the decision of the

Commissioner should be affirmed.

**III.     Nelson's Objections to the Magistrate's Report**

  **A.     First Objection**

Nelson first objects to the Report because he contends that the magistrate judge improperly

weighed evidence from nonexamining and nontreating medical providers in violation of SSR 96-6p.

Specifically, Nelson contends that the magistrate judge erred by citing and relying primarily on

evidence from Dr. John Durfor ("Dr. Durfor"), a state agency physician, in determining that the

Commissioner's decision should be affirmed.  The court disagrees.

SSR 96-6p applies only to the consideration of factual findings by state agency medical

consultants and physicians *at the administrative law judge and appeals counsel levels*.  Moreover,

Nelson does not argue now and did not argue to the magistrate judge that the ALJ improperly

weighed evidence from nonexamining and nontreating medical providers in violation of SSR 96-6p.

Accordingly, the court does not consider whether the Commissioner improperly weighed evidence

from nonexamining and nontreating medical providers in violation of SSR 96-6p but notes that the

Commissioner's decision is not based solely on Dr. Durfor's report.  *See Murr v. United States*, 200

F.3d 895, 902 (6th Cir. 2000) (holding that parties may not raise new arguments or issues at the

district court stage that were not presented to the magistrate judge); *Cupit v. Whitley*, 28 F.3d 532,

535 (5th Cir. 1994) (concluding that respondent waived review of issue of petitioner's procedural

default by not objecting to petitioner's original claim before the magistrate judge); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) (noting that a party "has a duty to put its best foot forward" before the magistrate judge in order to present the issue at a subsequent appeal). The court nevertheless notes that the record as a whole supports the Commissioner's decision. The court therefore **overrules** this objection.

### B.      Second Objection

Nelson next contends that the ALJ improperly lumped Plaintiff's physical and mental disorders together, and failed to separate the fatigue, pain and other nonexertional impairments from his exertional impairments. More specifically, Nelson contends that the ALJ's finding that he is able to lift and carry ten to twenty pounds and stand and walk six out of eight hours is inconsistent with a spinal X-ray that shows he has a compression fracture at L1, L2, and L4, and moderate degenerative disk disease at L5-S1. This argument is somewhat different from that presented to the magistrate judge. The court, nevertheless, considers it.

Under Titles II and XVI of the Social Security Act, "[t]he legal standard for determining disability . . . is whether the claimant is unable to perform substantial gainful activity *for at least twelve consecutive months because of a medically determinable impairment*." *Carrier*, 944 F.2d at 245 (emphasis added); 42 U.S.C. §§ 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

The ALJ noted in its decision that the March 2009 CT scan of Nelson's lumbar spine revealed that he had acute compression fractures of his L1 and L2 with an age indeterminate

compression fracture at L4.   The ALJ, nevertheless, concluded that Nelson was capable of performing "light work."  App. 20.  The ALJ's conclusion in this regard is supported by the report of state agency medical consultant Dr. Durfor, who concluded based on all of the evidence in Nelson's file as of June 3, 2008, that Nelson was capable of: (1) occasionally lifting or carrying twenty pounds; (2) frequently lifting or carrying ten pounds; (3) standing and/or walking (with normal breaks) about six hours in an eight-hour work day; (4) siting (with normal breaks) about six hours in an eight-hour work day; and (5) unlimited pushing and pulling.  App. 261.  The ALJ's decision is further supported by a April 22, 2008 examination conducted by Dr. Ronald Anderson, who noted that Nelson did not appear to be in any acute physical distress or pain.  App. 19.  Dr. David Ukoha, who examined Nelson in May 2008, similarly noted that he had normal grip, strength and gait and found no evidence of myalgias or weakness.  *Id.*  Nelson's March 2009 musculoskeletal examination also that indicated he had normal reflexes and range of motion despite his subjective complaints regarding lower back pain or tenderness.  App. 19, 301, and 303-04.

Moreover, the record reflects that Nelson did not begin experiencing back pain until after he suffered a seizure on March 15, 2009, brought on by years of alcohol abuse.  *See* App. 33, 295, 297, and 298.  Nelson claimed that he had not been drinking when he had his most recent seizure but told Parkland Health & Hospital emergency services counselor on March 19, 2009, that he consumed a 12-pack of beer the day before, and the longest he had remained sober was 3.5 years while he was incarcerated.  App. 39 and 299.  According to Nelson's sister, he was hospitalized on March 13, 2009, for an alcohol-induced seizure.  App. 297.

Additionally, Nelson acknowledged that at the time he suffered a seizure in March 2009, he was not taking any seizure medicine although he had been prescribed seizure medication in the past.

App. 42 and 295.  He began taking seizure medication again after the March 2009 seizure and testified that he had not experienced another seizure since he started taking the medication again.[*] App. 42.  Nelson testified that he had difficulty standing for more than ten minutes but explained that this was because he got tired quickly and had liver pain, not because of back pain.  App. 33.

More importantly, although Nelson testified that he had difficulty sitting for more than two hours due to back pain, he stated that he did not believe the injury was permanent.  App. 33.  Thus, this recent impairment is not sufficient to qualify as a disability, and there is no evidence that the impairment is expected "to last for a continuous period of not less than 12 months."  *See Carrier*, 944 F.2d at 245; 42 U.S.C. §§ 423(d)(1)(A).  Likewise, there is no evidence in the record, and Nelson points to none, to substantiate his conclusory assertion that the existence of the aforementioned compression fractures or impairment precludes him from performing light work. The court therefore concludes that the Commissioner's decision is supported by substantial evidence and **overrules** this objection.

## C.     Third Objection

Nelson finally contends that his alcohol substance abuse is irrelevant to the severity of his back impairment.   For the reasons already explained, the court has concluded that the Commissioner's determination that Nelson is not disabled due to his back condition is supported by substantial evidence.  Moreover, contrary to Nelson's contention, his alcohol abuse is relevant to whether he is disabled.  As correctly noted by the ALJ, it was required to consider medical evidence

---

[*] The court notes that the hearing transcript reflects that the ALJ referred to a March 2008 seizure but Nelson previously testified that he experienced the seizure at issue on March 13, 2009, one month before the April 15, 2009 hearing conducted by the ALJ.  Accordingly, the reference to March 2008 appears to be either a typographical error or a misstatement by the ALJ.  *Compare* App. 39 and 42; *see also* App. 298.

of Nelson's substance abuse disorder to determine whether it was a contributing factor that was material to the determination of disability.  App. 16; *see also* C.F.R. §§ 404.1535 and 416.935.  In making this determination, the ALJ must evaluate whether the limitations caused by the substance abuse disorder would remain if Nelson stopped the substance use.  *Id.*  The ALJ therefore properly considered Nelson's alcohol use in concluding that he would be able to perform past relevant light work as a sales clerk if stopped the alcohol substance use.  This objection is therefore without merit.

The court further notes that a majority of the record and hearing transcript deals with Nelson's alleged impairments or disability as a result of his alcohol abuse.  Even his own attorney's questioning at the hearing focused on Nelson's alcohol use.  Moreover, when Nelson initially filed his application for disability benefits in February 2008, he had not experienced or been diagnosed with any back impairments, because, as previously noted,  Nelson's back injury did not occur until March 2009, almost one year after his claim was initially denied in June and July of 2008.  App. 14.  The court therefore **overrules** this objection.

## IV.     Conclusion

For the reasons explained herein, the court **overrules** Nelson's objections.   After an independent review of the pleadings, file,  record, applicable law, and the magistrate judge's findings and conclusions, the court determines for the reasons herein explained that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court.  Accordingly, the court **grants** Defendant's Motion for Summary Judgment (Doc. 30), **denies** Plaintiff's Motion for Summary Judgment (Doc. 24), **affirms** the Commissioner's decision, and **dismisses** this case **with prejudice**.

**Memorandum Opinion and Order – Page 7**

**It is so ordered** this 30th day of April, 2012.


Sam A. Lindsay
United States District Judge